# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

_____
                                            )
In re:                                      )
                                            )
MELANIE CARA ERESIAN,                       ) Chapter 7
                                            )
        Debtor                              ) Case No. 10-44853-HJB
_____)

## ORDER DISMISSING APPEALS

WHEREAS, on September 30, 2010, Webster Credit Union ("Webster") filed an involuntary petition in bankruptcy against Melanie Cara Eresian (the "Alleged Debtor" or the "Debtor"); and

WHEREAS, on October 21, 2010, the Debtor filed an answer thereto, requesting that the involuntary petition be dismissed as numerically deficient because it was filed by only one creditor while the Debtor had a total of more than 12 creditors;[1] and

WHEREAS, on November 3, 2010, at the request of Webster, the Court ordered the Debtor to file a list of her creditors on or before November 12, 2010 (the "Creditor List")[2] and set a trial on the involuntary petition for December 8, 2010; and

---

[1] Pursuant to 11 U.S.C. § 303(b), a minimum of three qualifying creditors must join in an involuntary petition if the alleged debtor has a total of 12 or more creditors; for an alleged debtor with less than 12 creditors, one qualifying petitioning creditor is sufficient.

[2] Pursuant to Federal Rule of Bankruptcy Procedure 1003(b), a debtor who contests an involuntary petition on the grounds that the number of qualified petitioning creditors is insufficient must file with his or her answer a list of all of his or her creditors, together with their addresses, the nature of their claims and the amounts thereof. The Debtor did not timely comply with the aforesaid bankruptcy rule, and, accordingly, the Court ordered compliance.

WHEREAS, on January 11, 2011, in anticipation of the trial on the involuntary petition which had in the interim been continued, the Court issued an order (the "Amended Order"), setting forth the production of documents to be made by the Alleged Debtor to Webster (relevant, *inter alia,* to the validity of the claims on the Creditor List) on or before February 22, 2011 (the "Document Production"); requiring her appearance for a deposition on February 25, 2011; and continuing the trial date to March 30, 2011;[3] and

WHEREAS, the Amended Order contained the following language:

> . . . any failure of the Alleged Debtor to comply with the terms of this Order may subject the Alleged Debtor to a finding of civil contempt, the remedies for which may include monetary sanctions and/or *entry of an Order for Relief under Chapter 7 of the Bankruptcy Code* . . .

(*emphasis supplied*)(Amended Order, Page 2); and

WHEREAS, on February 16, 2011, five (5) weeks after the entry of the Amended Order and only three (3) business days prior to the court-ordered Document Production, the Alleged Debtor filed a motion seeking clarification of the January 11 order and requesting a protective order; and

WHEREAS, also on February 16, 2011, Webster filed a motion seeking that the Debtor's responses submitted to the court-ordered Document Production be struck as not in compliance with the January 11, 2011 Order; and

WHEREAS, on February 17, 2011, the Court, finding the January 11, 2011 Order clear and the Alleged Debtor's response unresponsive: 1) struck the Alleged Debtor's response to the Document Production (the "First February 17 Order") and 2) denied the Alleged Debtor's request for clarification and for protective order as without merit (the "Second February 17 Order"); and

---

[3] The original order, dated December 2, 2010, was designed to resolve discovery disputes between the parties. However, it was subsequently discovered that the December 2 order contained a drafting error, necessitating its amendment on January 11, 2011.

2

WHEREAS, on February 22, 2011, Webster filed a motion: 1) complaining that the Alleged Debtor had still not complied with the court-ordered Document Production, 2) seeking that the Alleged Debtor be found in civil contempt of the January 11, 2011 Order and 3) requesting as remedy, *inter alia*, that the Court enter an Order for Relief under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on February 22, 2011, the Alleged Debtor filed 1) a "Suggestion of Lack of Subject Matter Jurisdiction;" 2) a motion to dismiss the case (the "Dismissal Motion"), and 3) a "Notice of Interlocutory Appeal" and "Motion for Leave to Appeal" the First February 17 Order; and

WHEREAS, on February 28, 2011, after hearing, the Court struck the Suggestion of Lack of Subject Matter Jurisdiction; denied the Dismissal Motion; found the Debtor in civil contempt of its order of January 11, 2011 and entered an Order for Relief under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on March 1, 2011, the Debtor: 1) amended her interlocutory appeal to clarify that she intended to appeal the First February 17 Order to the United States District Court for the District of Massachusetts (the "District Court") (the "First Appeal");[4] and 2) filed a Notice of Appeal of the February 28 Order for Relief under Chapter 7 (the "Second Appeal"); and

WHEREAS, on March 3, 2011, the Debtor filed a motion for leave to appeal the Second February 17 Order (the "Third Appeal") and elected review by the District Court; and

WHEREAS, on March 14, 2011, the Debtor filed notices of appeal of those portions of the February 28 order striking her Suggestion of Lack of Subject Matter Jurisdiction and denying her Dismissal Motion (the "Fourth Appeal") and a separate appeal of the finding of civil contempt (the "Fifth Appeal") and elected review of each by the District Court; and

---

[4] Although this motion and the underlying appeal was originally docketed with Bankruptcy Appellate Panel for the First Circuit (the "BAP"), the BAP subsequently transferred it to the District Court by its order of March 15, 2011.

WHEREAS, on March 15, 2011, the Clerk's Office sent notices of filing fees due on the Fourth and Fifth Appeals (the sums of $ 255.00 for each appeal) and on March 16, 2011, sent a notice of filing fee due for the Second Appeal; and

WHEREAS, on March 15, 2011, the Debtor filed a motion seeking that her appeals be consolidated and that she be permitted to pay a single filing fee (the "Consolidation Motion"); and

WHEREAS, on March 15, 2011, the Debtor also filed her Statement of Issues and Designation of the Record On Appeal (the "Record Designation") with respect to the Second Appeal; and

WHEREAS, on March 17, 2011, the Court ruled as follows on the Consolidation Motion:

> DENIED. THE COURT DOES NOT HAVE THE JURISDICTION TO GRANT THE RELIEF REQUESTED.[5]

and

WHEREAS, on March 28, 2011, the Debtor filed her Statement of Issues and Record Designation with respect to the Fourth and Fifth Appeals; and

WHEREAS, on April 1, 2011, this Court, pursuant to Rule 203 of the Local Rules of the District Court ("L.R."), issued amended orders dismissing the Second, Fourth and Fifth Appeals for failure to pay the filing fees therefor; and

WHEREAS, by motions filed on April 1 (with respect to the Fourth and Fifth Appeals) and April 5, 2011 (with respect to the Second Appeal), the Debtor filed motions seeking reconsideration of the dismissal of those appeals (the "Reconsideration Motions"); and

WHEREAS, on April 5, 2011, the Court denied each of the Reconsideration Motions with the following language:

> DENIED. FED. R. BANKR. P. 8001(a) REQUIRES THE FILING FEE TO ACCOMPANY THE NOTICE OF APPEAL.

---

[5] By this, the Court did not mean to imply that it could not order consolidation of the appeals; only that it could neither waive the filing fees nor consolidate the appeals before the filing fees were paid. See Federal Rule of Bankruptcy Procedure 8001(a).

4

(Docket Nos. 145, 146 and 147)(the "April 5 Orders") ; and

WHEREAS, on April 12, 2011, the Debtor filed with respect to each of the April 5 Orders a "Motion of Melanie Cara Eresian for Direct Appellate Review of Dismissal of Appeal Pursuant to LDR 203(A)(E)(sic)" (the "Direct Appellate Review Motions"), and this Court forwarded each to the District Court; and

WHEREAS, on April 15, 2011, the Debtor filed notices of appeal with respect to each of the April 5 orders (Docket Nos. 155, 157 and 159) (the "Sixth, Seventh and Eighth Appeals") and elected review by the District Court; and

WHEREAS, on April 15, 2011, the Clerk's Office advised the Debtor that, *inter alia*, the deadline for filing the Statement of the Issues and Record Designation with respect to the Sixth, Seventh and Eighth Appeals was fourteen (14) days after the date of the filing of the appeals (April 29, 2011); and

WHEREAS, on April 15, 2011, the Debtor also filed a motion seeking consolidation of the Sixth, Seventh and Eighth Appeals (the "Second Consolidation Motion"); and

WHEREAS, on April 20, 2011, the District Court (Casper, D.J.) denied the request for leave to appeal and dismissed the First Appeal, which now included the Direct Appellate Review Motions; and

WHEREAS, on April 29, 2011, the Debtor filed a motion to stay payment of the filing fees on the Sixth, Seventh and Eighth Appeals until court action on the Second Consolidation Motion; and

WHEREAS, on April 29, 2011, the Court denied the Second Consolidation Motion with the following language:

5

      DENIED.  THE COURT HAS NO JURISDICTION TO CONSOLIDATE THE CASES UNTIL THE FILING FEES ARE PAID FOR CASE SOUGHT TO BE CONSOLIDATED.  SEE BR 8001(a).

and

      WHEREAS, on May 3, 2011, the Debtor paid the filing fees for the Sixth, Seventh and Eighth Appeals; and

      WHEREAS, on May 4, 2011, the Court allowed the Second Consolidation Motion; and

      WHEREAS, the Court did not transmit the now consolidated Sixth, Seventh and Eighth Appeals (the "Consolidated Appeals") to the District Court because the Debtor had failed to file the Statement of Issues and Record Designation for each, due on April 29, 2011; and

      WHEREAS, on May 10, 2011, the Debtor filed with this Court a "Corrected Letter" whereby she requested prompt transmission of the Consolidated Appeals to the District Court and referenced her allegations in the Direct Appellate Review Motions as satisfying her requirement to file the Statement of Issues and Record Designation; and

      WHEREAS, the allegations in the Direct Appellate Review Motions could not satisfy the requirement to file the Statement of Issues and the Record Designation in the Sixth, Seventh and Eighth Appeals, because they were in improper form and, more importantly, because they related to the Second, Fourth and Fifth Appeals – not to the Sixth, Seventh and Eighth Appeals – and actually pre-dated the latter appeals to which the Debtor would have them now apply;

6

It is hereby ORDERED, pursuant to Fed. R. Bankr. P. 8006 and L.R. 203(a), that the Consolidated Appeals filed on April 15, 2011 are each DISMISSED for failure to timely file the Statement of Issues and Record Designation for each.

DATED:  May 24, 2011

_____
Henry J. Boroff
United States Bankruptcy Court